Janice M. Bellucci, SBN 108911
(JMBellucci@aol.com)
LAW OFFICE OF JANICE M. BELLUCCI
1215 K Street, 17th Floor
Sacramento, CA 95814
Tel:   (805) 896-7854
Fax:  (916) 823-5248

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

JOHN DOE #1, an individual;
JOHN DOE #2, an individual;
JOHN DOE #3, an individual; and
JOHN DOE #4, an individual

                Plaintiffs,

   vs.

ANDREW HALL, in his official capacity as Chief of the Fresno Police Department; and MARGARET MIMS, in her official capacity as Fresno County Sheriff,

                Defendants.

Case No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1.    This action challenges the discretionary, unauthorized, and injurious policies of the Fresno Police Department ("FPD") and the Fresno County Sheriff's Office ("FCSO") that require persons required to register as a sex offender ("Registrants") who are vulnerable to the COVID-19 virus to leave their homes and to appear in person at FPD and FCSO stations for their 30-day, 90-day, or annual registration updates

(hereinafter, "periodic updates"). The Sex Offender Registration Act, California Penal Code section 290.012, does not require in-person registration for periodic updates, and therefore does not authorize Defendants to subject vulnerable persons to a risk of significant physical harm, perhaps death, that is universally recognized by national, state, and local government – in violation of orders issued by those governments. In addition, the FPD and FCSO policies that require in-person registration during periodic updates infringe the life and liberty of Registrants in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment to the United States Constitution, as well as the California Sex Offender Registration Act, as more thoroughly pled herein.

2. This issue warrants the Court's attention at this time because the extraordinary measures now being taken to slow the spread of the COVID-19 pandemic are undermined by Defendants' requirement that Registrants continue to appear in person for periodic updates. Specifically, as of March 19, 2020, the Governor of California has ordered as follows: "***Everyone*** is required to stay home except to get food, care for a relative or friend, get necessary health care, or go to an essential job."[1] The Order contains no exception for Registrants or for registration updates.

3. Nor is such an exception mandated by law. Specifically, Sex offender registration is governed by the California Sex Offender Registration Act, codified at Penal Code section 290, *et seq*. (hereinafter, "Section 290" or "Act"). The text of the Act *does not* require Registrants to appear in person for any type of periodic update. See Cal. Penal Code § 290.012(a)-(c). Instead, the Act merely requires that Registrants be "Registered." Ibid. In addition, there is no practical reason why Registrants must appear in person for a periodic update because the purpose of a periodic update is to *confirm information that registering agencies already possess*, or to provide information that can be transmitted through alternative means which pose little or no risk of exposure of

---

[1] https://covid19.ca.gov/, last visited March 23, 2020.

COVID-19, such as the telephone or video conferencing apps and programs. Use of this widely available technology provides law enforcement with effective methods to obtain the information necessary to complete periodic updates without subjecting the public, law enforcement personnel, and Registrants to potentially harmful in-person visits to locations where they could either contract or spread COVID-19.

4. On information and belief, many registering agencies throughout California, including the Los Angeles Police Department ("LAPD"), the agency with the largest population of Registrants in the state, are processing periodic updates over the telephone. The LAPD does not require Registrants to appear in person while the COVID-19 emergency measures are in place. Instead, the LAPD has placed signs, including those attached hereto as Exhibit A, on the exterior of its police stations confirming that the LAPD's registration policy is currently "modified" to accommodate the COVID-19 emergency measures. (Exh. A.) Pursuant to the LAPD's modified policy, Registrants "are not [] allowed in the station," and "[the LAPD] will register [them] over the phone." (Exh. A.)

5. Plaintiffs are for individual Registrants, Plaintiffs John Doe #1, John Doe #2, John Doe #3, and John Doe #4, who are deemed vulnerable to infection by COVID-19 due to their age and/or chronic medical conditions. As pled more fully below, Defendants have directed all Registrants, including Plaintiffs John Doe #2, John Doe #3, and John Doe #4 to appear in person for their periodic updates, and/or have refused to process the registration of Registrants, such as Plaintiff John Doe #1, who do not appear in person.

6. Defendants' mandate that all Registrants, including those with high risk factors for COVID-19, appear in person forces Plaintiffs and all Registrants into a Catch-22. That is, they must either subject themselves to possible COVID-19 infection in violation of a state order, or violate Section 290 by failing to appear in person, thereby inviting arrest and custody in jail or prison – where the risk of COVID-19 infection is

much greater. Either option constitutes irreparable injury warranting injunctive relief. <u>Harris v. Bd. of Supervisors</u>, 366 F.3d 754, 759, 766 (9th Cir. 2004). <u>See also City of Costa Mesa v. United States</u>, 2020 U.S. Dist. LEXIS 33650 (C.D. Cal. Feb. 21, 2020) (granting TRO against placement of COVID-19 patients within city because possible exposure "threat[ens] immediate and irreparable injury"). Section 290 does not require Plaintiffs and all Registrants to play Russian Roulette with their lives in order to confirm information already in the possession of law enforcement.

7. Accordingly, Plaintiffs seek a temporary restraining order, preliminary injunction, and permanent injunction directing Defendants to process 30-day, 90-day, and annual updates without the additional, non-statutory requirement to appear in person until the threat from COVID-19 ends. Plaintiffs further seek injunctive relief as well as a declaratory judgment that Registrants are not required to appear in person for periodic updates.

## JURISDICTION AND VENUE

8. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 [federal question], 1343(a) [federal question], and 2201 [declaratory judgment], as well as 42 U.S.C. § 1983 [civil rights]. Specifically, jurisdiction under 28 U.S.C. §§ 1331 and 1343(a) exists because Defendants' policies requiring in-person registration during the COVID-19 pandemic constitute a deprivation of life and liberty within the meaning of the Fourteenth Amendment in that: (i) in-person registration constitutes constructive custody in which Registrants are exposed to a risk of bodily harm and death, in violation of the Fourteenth Amendment; (ii) Exposing Registrants to risk of bodily harm and death through in-person registration constitutes a state-created danger in violation of the Fourteenth Amendment; and (iii) Exposing Registrants to risk of bodily harm and death through in-person registration constitutes cruel and unusual punishment in violation of the Eighth Amendment, as follows:

///

**Fourteenth Amendment: Deprivation of Life and Liberty**

a. In-person registration at police and sheriff's stations constitutes constructive custody, thereby triggering a duty by Defendants to avoid deprivations of liberty within the meaning of the Fourteenth Amendment. That is, registration during periodic updates requires Registrants to be physically present in police and sheriff's stations for up to two hours, during which time Registrants are interviewed by law enforcement, are subject to interrogation concerning their offenses and present compliance with the law, are often photographed and finger printed, and must complete five or more pages of paperwork in the presence of law enforcement.

b. Under Defendants' policies, Registrants are not free to leave during in-person registration because doing so would result in criminal liability pursuant to the California Sex Offender Registration Act, Penal Code section 290, *et seq.*, as well as the federal Sex Offender Registration and Notification Act, 34 U.S.C. § 20901, *et seq.*

c. Therefore, Defendant's policies requiring in-person registration during the COVID-19 pandemic constitute a deprivation of life and liberty within the meaning of the Fourteenth Amendment by subjecting Registrants, law enforcement, as well as the general public, to a risk of infection by the highly contagious novel coronavirus that causes the life-threatening disease COVID-19.

**Fourteenth Amendment: State-created Danger**

d. In the context of the COVID-19 pandemic, requiring Registrants to appear in-person for periodic updates is an affirmative act which places Registrants in danger of possibly lethal infection by COVID-19.

e. In the context of the COVID-19 pandemic, the danger in which Defendants place Registrants is not a danger to which Registrants would otherwise be subject, and therefore constitutes a state-created danger.

f. In the context of the COVID-19 pandemic, the danger in which Defendants place Registrants is known and obvious at all levels of state and local

government, and is a danger to which Defendants are deliberately indifferent. Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Pauluk v. Savage, 836 F.3d 1117 (9th Cir. 2016).

**Eighth Amendment: Cruel and Unusual Punishment**

        g.    In-person registration at local police and sheriff's stations constitutes constructive custody, thereby triggering a duty by Defendants to avoid cruel and unusual punishment within the meaning of the Eighth Amendment. That is, registration during periodic updates requires Registrants to be physically present in police and sheriff's stations for up to two hours, during which time Registrants are interviewed by law enforcement, are subject to interrogation concerning their offenses and present compliance with the law, are often photographed and finger printed, and must complete five or more pages of paperwork in the presence of law enforcement.

        h.    Under Defendants' policies, Registrants are not free to leave during in-person registration because doing so would result in criminal liability pursuant to the California Sex Offender Registration Act, Penal Code section 290, *et seq.*, as well as the federal Sex Offender Registration and Notification Act, 34 U.S.C. § 20901, *et seq*.

        i.    Requiring Registrants to appear in-person for periodic updates at police and sheriff's stations, and thereby exposing them to lethal infection by COVID-19, constitutes cruel and unusual punishment in violation of the Eighth Amendment.

9. Under 28 U.S.C. § 1391(b), venue is proper in this Federal district because the events giving rise to the claims have occurred and continue to occur in this district.

## PARTIES

10. Plaintiff John Doe #1, aged 71, is a Registrant who resides within the jurisdiction of the FCSO. Plaintiff John Doe #1 is required to update his registration with the FCSO within five working days of his birthday pursuant to California Penal Code section 290.012. Plaintiff John Doe #1 is vulnerable to infection by COVID-19 due to

his advanced age, as determined by state and national health care agencies. In April 2020, agents, officers, and officials of the FSCO told Plaintiff John Doe #1 and his counsel that his periodic update will not be processed, completed, or sent to the California Department of Justice unless he appears in person at his local FCSO station.

11. Plaintiff John Doe #2, aged 68, is a Registrant who resides within the jurisdiction of the FCSO. Plaintiff John Doe #2 is required to update his registration with the FCSO within five working days of his birthday pursuant to California Penal Code section 290.012. Plaintiff John Doe #2 is vulnerable to infection by COVID-19 due to his advanced age, as well as his chronic medical conditions that include hypertension, as determined by state and national health care agencies.

12. Plaintiff John Doe #3 is a Registrant who resides in the City of Fresno, within the jurisdiction of the FPD. Plaintiff John Doe #3 is required to update his registration with the FCSO within five working days of his birthday pursuant to California Penal Code section 290.012. Plaintiff John Doe #3 is vulnerable to infection by COVID-19 due to chronic medical conditions that include asthma, a respiratory disease, as determined by state and national health care agencies.

13. Plaintiff John Doe #4, age 72, is a Registrant who resides within the jurisdiction of the FCSO. Plaintiff John Doe #4 is required to update his registration with the FCSO within five working days of his birthday on May 22, 2020 pursuant to California Penal Code section 290.012. Plaintiff John Doe #4 is vulnerable to infection by COVID-19 due to his advanced age, as well as his chronic medical conditions that include diabetes, as determined by state and national health care agencies. In addition, Plaintiff John Doe #4 fears exposing his wife, with whom he resides, to COVID-19, because she is the recent recipient of a kidney transplant, and is therefore vulnerable to life-threatening infection and possible organ rejection.

14. Plaintiffs John Doe #1, John Doe #2, John Doe #3, and John Doe #4, are collectively referred to herein as "Plaintiffs."

15. Defendant Andrew Hall ("Hall") is Chief of the Fresno Police Department, the registering agency responsible for implementing the Sex Offender Registration Act within the City of Fresno. In his official capacity as Chief of the FPD, Defendant Hall is responsible for decisions and policies challenged in this action. Defendant Hall is sued in his official capacity.

16. Defendant Margaret Mims ("Mims") is Sheriff of Fresno County, and the chief executive of the FCSO, the registering agency responsible for implementing the Sex Offender Registration Act within Fresno County. In her official capacity as Sheriff, Defendant Mims is responsible for decisions and policies challenged in this action. Defendant Mims is sued in her official capacity.

17. Defendants Price and Mims are collectively referred to herein as "Defendants."

## FACTS

18. Plaintiffs reallege and incorporate herein, as though fully set forth, each and every, all and inclusively, paragraphs 1 through 17.

**The California Sex Offender Registration Act Does Not Require In-person Periodic Updates**

19. In the words of Fresno Mayor Lee Brand, "conditions of extreme peril to the safety of persons and property have arisen with respect to the international COVID-19 pandemic."[2] Extraordinary measures have been implemented by governments at every level to address this pandemic.[3] On March 16, 2020, the Fresno City Council declared a Local Emergency throughout the City of Fresno due to the COVID-19 pandemic.[4]

---

[2] https://www.fresno.gov/cityclerk/wp-content/uploads/sites/9/2020/03/Proclamation.pdf
[3] https://www.fresno.gov/news/mayor-announces-state-of-emergency-for-coronavirus/
[4] https://www.fresno.gov/coronavirus/

Subsequently, the Fresno County Board of Supervisors declared a similar Local Emergency the next day.[5]

20.    Most notably, on March 19, 2020, the Governor of California issued an order calling upon all 40 million residents of the state to remain in their homes, with limited exceptions for essential travel (hereinafter, the "Order").[6]  Specifically, the Governor's Order directs "all individuals living in the State of California to stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors, as outlined at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19."[7]   Sex offender registration is not listed among the exceptions to the Order, and violation of the Order can result in penalties and punishment.

21.    The Order emphasizes that persons within specific vulnerable populations must self-isolate and remain in their homes.  As reflected in the Order, the Center for Disease Control and the California Department of Health Care Services declare the following persons are at "higher risk" for contracting COVID-19:[8,9]

    a.    Persons aged 65 and older;
    b.    Persons with HIV/AIDS or compromised immune systems; and
    c.    Persons with chronic serious medical conditions, including diabetes, asthma, and hypertension.

---

[5] https://www.co.fresno.ca.us/Home/Components/News/News/545/1556?backlist=%2F
[6] https://covid19.ca.gov/stay-home-except-for-essential-needs/
[7] https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf
[8] https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html
[9] https://covid19.ca.gov/what-you-can-do/#symptoms-risks

22. The California Sex Offender Registration Act does not require initial registration, annual updates, 90-day updates, or 30-day updates (i.e., "periodic updates") to be in person. Instead, the Act only requires that periodic updates occur, without specifying how a Registrant is to provide the required information to the registering agency. E.g., Cal. Penal Code § 290.012(a) ("Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subdivision (b) of Section 290. At the annual update, the person shall provide current information as required on the Department of Justice annual update form, including the information described in paragraphs (1) to (4), inclusive, of subdivision (a) of Section 290.015. The registering agency shall give the registrant a copy of the registration requirements from the Department of Justice form.")

23. Notably, the Act specifies only three occasions on which in-person registration or in-person updates are required. Specifically, in-person registration and updates are required only for:

    a. **Transient Registrants "who move[] of out state."** Cal. Penal Code § 290.011(f) ("A transient who moves out of state shall inform, in person, the chief of police in the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, within five working days, of his or her move out of state.")

    b. **Registrants who change their residence address, whether within the jurisdiction in which they are currently registered or to a new jurisdiction outside California.** Cal. Penal Code § 290.013 (a) ("A person who was last registered at a residence address pursuant to the Act who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or

outside the state, shall, in person, within five working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plans he or she has to return to California.")

    c.    **Registrants who legally change their names.**  Cal. Penal Code § 290.014 (a) ("If any person who is required to register pursuant to the Act changes his or her name, the person shall inform, in person, the law enforcement agency or agencies with which he or she is currently registered within five working days.")

24.    The Legislature's decision to expressly require in-person updates in certain limited situations but no other situations confirms that the Legislature did not intend to require personal appearance at initial registration, annual updates, 90-day updates, or 30-day updates.  See, e.g., Wilson v. City of Laguna Beach, 6 Cal. App. 4th 543, 554 (1992).  On information and belief, the California Department of Justice and various local registering agencies are able to, and do in fact, process registrations when a Registrant does not appear in person, such as when a Registrant is hospitalized or otherwise incapacitated.  Accordingly, Defendants have, but unlawfully refuse to exercise, discretion to process periodic updates without requiring Registrants to appear in person.  Defendants' refusal places Registrants in danger of exposure to COVID-19.

**Defendants' Discretionary In-person Registration Requirement Threatens Vulnerable Registrants and Forces Them to Violate State and Local COVID-19-Related Orders**

25.    Plaintiffs are vulnerable to COVID-19 infection because of their age, and/or certain chronic medical conditions and co-morbidities that are known to be associated with fatalities in COVID-19 patients such as asthma and hypertension.  In addition, Plaintiffs are currently subject to the Governor of California's Order, which requires them to remain at home except for "essential" travel pursuant to the terms of that Order.

26. On information and belief, the locations at which Registrants are required to register in person within the jurisdiction of the FPD and the FCSO are often unsanitary, crowded, and do not allow for "social distancing" and other preventative measures mandated by state and local government. In addition, Registrants are forced to enter, sit in, touch, and otherwise interact with unsanitary, and often narrow and cramped, physical environments while registering. Those environments, as well as, the registration procedures employed by Defendants require repeated and prolonged contact with potentially virus-ridden surfaces and objects such as countertops, clip boards, various papers, pens, pen chains, ink pads, chairs, door handles, water fountains, and Livescan and other fingerprinting machine. These unsanitary surfaces are touched by many other Registrants, as well as other visitors to the station and employees of the registering agencies.

27. Plaintiffs are gravely afraid of contracting COVID-19 should they be forced to register in person at FPD and FCSO stations. As one District Court recognized,

> COVID-19 is a type of highly contagious novel coronavirus that is thought to be "spreading easily and sustainably in the community." Experts believe that it can live on some surfaces for up to 72 hours after contact with an infected person. A simple sneeze or brush of the face without washing your hands is now known to easily spread the virus, which generally causes fever, cough, and shortness of breath. How Coronavirus Spreads, Centers for Disease Control[,] at 15.

*Thakker v. Doll*, 2020 U.S. Dist. LEXIS 59459, at *10-*12 (M.D.Pa. Mar. 31, 2020). The County of Fresno has likewise warned that COVID-19 "is a contagious disease that takes advantage of close contact and poor hygiene, so please do your part in maintaining at least six feet of distance with your peers . . . . This health crisis will require everyone to play a role during this challenging time."[10]

---

[10] https://www.co.fresno.ca.us/departments/public-health/covid-19

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

28. Many courts have recognized that placing persons in close proximity to potentially infected persons and surfaces constitutes a risk of harm that warrants injunctive relief. E.g., Castillo v. Barr, No. 20CV00605-TJH, 2020 U.S. Dist. LEXIS 54425, at *4 (C.D. Cal. Mar. 27, 2020) ("Coronavirus is spread between people who are in close contact . . . through respiratory droplets produced when an infected person coughs or sneezes. . . . Moreover, studies have established that the coronavirus can survive up to three days on various surfaces."). For this reason, the Ninth Circuit *sua sponte* ordered the immediate release of an immigration detainee with a pending petition for review of her removal order "[i]n light of the rapidly escalating public health crisis, which public health authorities predict will especially impact immigration detention centers." Xochihua-Jaimes v. Barr, No. 18-cv-71460, 2020 U.S. App. LEXIS 9069, (9th Cir. Mar. 24, 2020). See also Castillo, 2020 U.S. Dist. LEXIS 54425 (ordering release of certain immigration detainees due to the COVID-19 pandemic). Although in-person registration involves shorter durations of time than other custodial settings, that difference is not significant within the context of the COVID-19 pandemic because COVID-19 infection occurs quickly, and transmission can easily take place within the time period that Registrants are present in person at police and sheriff's stations. E.g., Ortuño v. Jennings, No. 3:20-cv-02064, 2020 U.S. Dist. LEXIS 62030, at *6 (N.D. Cal. Apr. 8, 2020) (rejecting argument that threat of infection by COVID-19 is speculative because such infections "are rapidly increasing in the United States, including California, and, when introduced into a confined space, such as a nursing home, a cruise ship, and, recently, a naval aircraft carrier, it can rapidly spread. Indeed, it has quickly spread in a number of jails and prisons"); Perez v. Wolf, 2020 U.S. Dist. LEXIS 65450, *35 (N.D. Cal. Apr. 14, 2020) ("The mere fact that no cases have been reported in the Aurora Facility is irrelevant – it is not a matter of if COVID-19 will enter the facility, but when it will be detected there.") See also Helling v. McKinney, 509 U.S. 25, 33 (1994) ("It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-

threatening condition in their prison on the ground that nothing yet had happened to them.")

29. On or about April 6, 2020, Plaintiff John Doe #3, through counsel, telephoned the FPD to inquire whether Plaintiffs and other Registrants are required to appear in person for periodic updates despite the Governor's Order as well as the common-sense directives of health care authorities. An FPD registration official confirmed that all Registrants are required to appear in person for periodic updates, regardless of their vulnerability due to one or more high-risk COVID-19 factors.

30. On or about April 15, 2020, Plaintiffs John Doe #1 and John Doe #2, through counsel, telephoned the FCSO to inquire whether Plaintiffs and other Registrants are required to appear in person for periodic updates despite the Governor's Order as well as the common-sense directives of health care authorities. An FCSO registration official confirmed that all Registrants are required to appear in person for periodic updates, regardless of their vulnerability due to one or more high risk COVID-19 factors.

31. In addition to being discretionary and neither required nor authorized by Penal Code Section 290, Defendants' ongoing decision to require in-person registration for periodic updates forces Plaintiffs and all Registrants to contravene the public safety measures imposed by state and local government upon all residents of California, including the current Order by the Governor of California. Defendants' decision requiring in-person registration therefore threatens both vulnerable Registrants as well as the larger population with which those Registrants interact, including the public, law enforcement personnel, and their families.

32. On information and belief, there are registering agencies throughout California, including the Los Angeles Police Department (LAPD), the agency with the largest population of Registrants in the state, that are currently processing periodic updates over the telephone. That is, the LAPD has completely stopped requiring Registrants to register in person while the COVID-19 emergency measures are in place.

Instead, the LAPD has placed signs, including those attached hereto as Exhibit A, on the exterior of its police stations confirming that the LAPD's registration policy is currently "modified" to accommodate the COVID-19 emergency measures. (Exh. A.) Pursuant to the LAPD's modified policy, Registrants "are not [] allowed in the station," and "[the LAPD] will register [them] over the phone." (Exh. A.)

## FIRST CLAIM

**(42 U.S.C. § 1983 – Fourteenth Amendment – Due Process)**

33. Plaintiffs re-allege paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Neither the California Sex Offender Registration Act, the federal Sex Offender Registration and Notification Act, nor any other provision of law requires Registrants to appear in person for periodic updates pursuant to California Penal Code section 290.012.

35. Plaintiffs are required by Defendants to appear in person for periodic updates pursuant to the policies challenged in this action. The requirement of in-person registration place Registrants in constructive custody, thereby triggering Defendant's duty to prevent restraints upon or injury to Plaintiffs' life and liberty pursuant to the Fourteenth Amendment. That is, registration during periodic updates requires the Registrant to be physically present in police and sheriff's stations for up to two hours, during which time Registrants are interviewed by law enforcement, interrogated regarding their offense and their present compliance with the law, frequently photographed and finger printed, and must complete five or more pages of paperwork in the presence of law enforcement. Under the policies of Defendants challenged herein, Registrants are not free to leave during in-person registration because doing so would result in criminal liability pursuant to the California Sex Offender Registration Act, Penal

Code section 290, *et seq*., as well as the federal Sex Offender Registration and Notification Act, 34 U.S.C. § 20901, *et seq*.

36. The state violates the rights of individuals when it subjects them to risk of physical harm and disease during required interactions with law enforcement. E.g., Helling v. McKinney, 509 U.S. 25, 33 (1994) ("It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."). By virtue of their age and/or chronic medical conditions including asthma and hypertension, Plaintiffs face an elevated risk of death due to infection by COVID-19. Defendants' policies requiring in-person registration during the COVID-19 pandemic constitute a deprivation of life and liberty within the meaning of the Fourteenth Amendment by subjecting Plaintiffs and Registrants, as well law enforcement and the general public, to a risk of infection by a highly contagious and potentially deadly disease.

37. Furthermore, in the context of the COVID-19 pandemic, requiring Registrants to appear in-person for periodic updates is an affirmative act which places Plaintiffs and all Registrants in danger of possibly lethal infection by COVID-19, a danger to which they would not otherwise be subject, a danger which is known and obvious at all levels of state and local government, and to which Defendants are deliberately indifferent. Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Pauluk v. Savage, 836 F.3d 1117 (9th Cir. 2016). The risk of infection from COVID-19 in custodial settings has been noted by District Courts, including one which noted that law enforcement "[f]acilities are plainly not equipped to protect Petitioners from a potentially fatal exposure to COVID-19. While this deficiency is neither intentional nor malicious, should we fail to afford relief to Petitioners we will be a party to an unconscionable and possibly barbaric result." Thakker v. Doll, 2020 U.S. Dist. LEXIS 59459, at *27-*28 (M.D. Pa. Mar. 31, 2020)

38. Defendants commit these unconstitutional acts under color of authority of law. Plaintiffs face the immediate threat of irreparable injury, for which no legal remedy will suffice, by being deprived of their Fourteenth Amendment rights. Costa Mesa v. United States, 2020 U.S. Dist. LEXIS 33650 (C.D. Cal. Feb. 21, 2020) (granting TRO against placement of COVID-19 patients within city because possible exposure "threat[ens] immediate and irreparable injury"). Thakker, 2020 U.S. Dist. LEXIS 59459, at *21 ("Indeed, courts have even specifically held that COVID-19 constitutes an irreparable harm that supports the grant of a TRO.")

## SECOND CLAIM

**(42 U.S.C. § 1983 – Eighth Amendment – Cruel and Unusual Punishment)**

39. Plaintiff re-alleges paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Plaintiffs are required by Defendants to appear in person for periodic updates pursuant to the policies challenged in this action. The requirement of in-person registration places Plaintiffs and all Registrants in constructive custody, thereby triggering Defendant's duty to prevent cruel and unusual punishment pursuant to the Eighth Amendment. That is, registration during a periodic update requires the Registrant to be physically present in police and sheriff's stations for up to two hours, during which time Registrants are interviewed by law enforcement, interrogated regarding their offense and their present compliance with the law, frequently photographed and finger printed, and must complete five or more pages of paperwork in the presence of law enforcement. Under the policies of Defendants challenged herein, Registrants are not free to leave during in-person registration because doing so would result in criminal liability pursuant to the California Sex Offender Registration Act, Penal Code section 290, *et seq.*, as well as the federal Sex Offender Registration and Notification Act, 34 U.S.C. § 20901, *et seq*.

41. COVID-19 is a highly infectious and potentially lethal disease that is easily transmitted in the community through contact with infected persons, or through contact

with surfaces on which the virus can live for days or weeks. Persons infected with COVID-19 can transmit the coronavirus to their family members and to the general public without knowing they are infected. Infection by COVID-19 can produce severe and long-lasting respiratory symptoms that require hospitalization. Requiring Registrants to appear in person for periodic updates, and thereby subjecting them to possibly lethal infection by COVID-19, and rendering them carriers of the disease that may potentially infect their family members and anyone in the general public, constitutes cruel and unusual punishment in violation of the Eighth Amendment.

## THIRD CLAIM

### (28 U.S.C. §2201 – Declaratory Relief)

42. Plaintiffs re-allege paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. An actual controversy exists between Plaintiffs and Defendants regarding the constitutionality of the policies of Defendants challenged in this action, as well as the interpretation of California Penal Code section 290.012. Specifically, the California Sex Offender Registration Act neither requires nor authorizes 30-day, 90-day, or annual registration updates to be completed in person. Therefore, Defendants lack authority to require Registrants to appear in person for periodic updates pursuant to California Penal Code section 290.012.

44. Plaintiffs are informed and believe and thereon allege that Defendants, as well as their deputies, officials, officers, agents, and employees, have failed to comply and continue to fail to comply with the law, and have abused and are continuing to abuse their discretion under the law, by requiring Registrants in vulnerable populations as defined by national and state health care authorities to appear in person for their periodic registration updates amidst the COVID-19 pandemic, as pled herein

45. Plaintiffs therefore seek a declaration of their rights under California and federal law, as well as a declaration of Defendants' duties under the Sex Offender

Registration Act, California Penal Code section 290, *et seq.*, and of the scope of Defendants' discretion under that Act.

## PRAYER FOR RELIEF

Based on the foregoing claims, Plaintiffs seek judgment against Defendants as follows:

a. That Defendants be presently and permanently enjoined from requiring persons required to register as a sex offender from appearing in person for 30-day, 90-day, and annual updates ("periodic updates") pursuant to California Penal Code sections 290.011 and 290.012 until the threat of COVID-19 has ended;

b. For a judgment declaring that California Penal Code sections 290.011 and 290.012 and other applicable law do not require persons required to register as a sex offender to appear in person to complete periodic updates;

c. That Plaintiffs recover from the Defendants, under 42 U.S.C. § 1988, all of Plaintiffs' reasonable attorneys' fees, costs and expenses of this litigation; and

d. That Plaintiffs recover such relief as the Court deems just and proper.


Dated: May 4, 2020         LAW OFFICE OF JANICE M. BELLUCCI


                           By:  */s/ Janice M. Bellucci*
                           Janice M. Bellucci
                           Attorney for Plaintiffs