UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE #1, an individual;<br>JOHN DOE #2, an individual;<br>JOHN DOE #3, an individual; and<br>JOHN DOE #4, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ANDREW HALL, in his official capacity as Chief of the Fresno Police Department; and MARGARET MIMS, in her official capacity as Fresno County Sheriff,<br><br>　　　　　Defendants. | No.  1:20-cv-00600-NONE-JDP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 8) |

　　　　Before the Court is a motion for a temporary restraining order ("TRO") brought by plaintiffs, John Does 1 and 4, who are sex offenders registered with the state under California's Sex Offender Registration Act. (Doc. No. 8.) Plaintiffs seek an order prohibiting defendant Margaret Mims, Fresno County Sheriff, in her official capacity, from requiring in-person registration updates during the SARS-CoV-2 pandemic until plaintiffs' request for preliminary injunction can be heard. (*Id*. at 1–2.) Periodic registration updates are required under California Penal Code § 290.012; however, plaintiffs contend that certain health conditions and age render them particularly vulnerable to COVID-19, the illness caused by SARS-CoV-2, meaning it is unsafe for them to present themselves to update their registrations. (*Id*. at 1-3.)

      Plaintiffs' request for a TRO is informed by their understanding of personal presentment for registration as it occurred in previous years and months, prior to the COVID-19 outbreak and before implementation of social distancing and other public health measures. (Doc. Nos. 8 at 4; 8-1 at 10, 11, 29.) For example, regarding the registration updating process, plaintiffs state: "… Registrants are forced by Defendant to occupy crowded conditions in Sheriff's stations where the recommended social distancing and sanitation measures cannot be observed," (Doc. No. 8 at 4); "[d]uring past registration appointments with the [Fresno County Sheriff's Office], Plaintiff John Doe #4 has been required to stay in confined spaces for up to an hour with several other Registrants" and "forced to touch many potentially contaminated surface and objects …," (Doc. No. 8-1 at 10); and "[d]uring the registration process, Registrants are exposed to premises that are unsanitary, crowded, and do not allow for 'social distancing' or other preventive measures …," (Doc. No. 8-1 at 11). An affidavit from John Doe #4 details his experience registering in 2019 but contains no information about more recent or current conditions. (Doc. No. 8-1 at 29.)

      In response, defendant has outlined the changes made to the personal presentment process, which currently is "no contact," socially-distanced, and takes place outdoors. (Doc. Nos. 10 at 8–9; 10-1.) Specifically, a detective responsible for registration on behalf of defendant has stated as follows in his affidavit:

> We started [on March 18] by using tables outside, allowing 'social distancing,' while still having registrants sign in, provide thumbprint and signature on the forms, and we still collected forms while wearing gloves and masks.
>
> …
>
> On 4/7/2020 – to the present, due to the extension of the 'Shelter in Place' order, FCSO started 'no contact' registrations. The building remains closed to registrants, we removed the tables, taped off both entrances to the raised porch along the front of the building. We accept no paperwork, Driver's licenses, I.D.'s, etc. from registrants and observe at least 6 feet of social distance. We have painted 'X's' on the ground to indicate the proper positioning. We sign-in registrants and document any necessary changes. Upon completing the Department of Justice's ("DOJ's") 8102 forms, in the comments section, we type or hand-write 'Covid-19 – No signature/fingerprints. Verbal confirmation of information/

> requirements.' We sign & date the forms and provide the registrant the opportunity to accept a copy. We take a photo of the registrant from distance of at least 6 feet. All this is conducted while wearing gloves and some wearing masks. We also maintain accessible hand-sanitizers.

(Doc. No. 10-1 at ¶¶ 3, 5.)

A plaintiff must establish each of the following to secure an injunction: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as a right."). The plaintiff bears the burden to "make a showing on all four prongs." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The facts presented by plaintiffs in support of their request for a TRO are stale. Plaintiffs are silent regarding the significant changes that have been made to the personal presentment process for updating sex offender registrations. Plaintiffs have not disputed the description of the new process or contested the sufficiency or efficacy of the mitigation measures defendant has enacted. Plaintiffs' request instead hinges on a prior process, which is no longer in place. The harm contemplated by plaintiffs relates to the old process, not the new, as demonstrated by plaintiffs' own words outlined above. Because there is no dispute of fact that a new process of "no contact," socially-distanced, outdoor registration updating exists, the Court finds plaintiffs have not met their burden in demonstrating they are likely to suffer an irreparable harm unless relief is granted.

For the foregoing reasons, plaintiffs' request for a temporary restraining order, (Doc. No. 8), is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **May 27, 2020**

_____
UNITED STATES DISTRICT JUDGE